**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6133

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NIGEL CLARKE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:02-cr-00060-FL-5; 4:23-cv-00179-FL)

Submitted:  May 15, 2025                         Decided:  May 20, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Nigel Clarke, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nigel Clarke seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Clarke's 28 U.S.C. § 2255 motion as an unauthorized, successive § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability.* *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Clarke has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

* The district court concluded that it did not need to decide whether to issue a certificate of appealability based on our decision in *Bixby v. Stirling*, 90 F.4th 140 (4th Cir. 2024). *Bixby* was an appeal from a district court order construing a Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2254 petition, and we reaffirmed our decision in *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015), that a certificate of appealability was unnecessary. *Bixby*, 90 F.4th at 156-57. Here, however, the district court did not construe a Rule 60(b) motion as an unauthorized, successive § 2255 motion. Instead, it dismissed Clarke's third § 2255 motion as an unauthorized, successive § 2255 motion. And we still require a certificate of appealability in such circumstances.

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*